Moyer, C.J.,
dissenting.
{¶ 44} I respectfully dissent from the majority decision in regard to the sanction imposed on respondent. Respondent agreed to represent several clients in various cases but failed to do so. He did not promptly reimburse unearned fees; he did not return his client’s phone calls. Respondent misled the client in Count II about the progress of the case, concealing his inaction.
{¶ 45} Respondent’s dishonesty and lack of responsibility exposed his clients to possible arrest, loss of driving privileges, and fines. This lack of responsibility was exacerbated by respondent’s failure to adequately participate in the investigation of the complaints detailed in Counts I and II, as well as his unwillingness to admit that he had misled the client in Count II, until he was strongly questioned at his hearing by a panel member.
{¶ 46} These serious ethical violations demonstrate a course of conduct of unethical and dishonest behavior, warranting a stricter sanction than the partially *256 stayed suspension ordered by the majority. The majority is correct that a suspension of at least two years is appropriate in this case. See Disciplinary Counsel v. Manning, 111 Ohio St.3d 349, 2006-Ohio-5794, 856 N.E.2d 259, ¶ 14. But in my opinion, respondent, like Manning, did not produce mitigating evidence sufficient to warrant leniency, id., and I would not stay the suspension. I would therefore impose a two-year suspension from the practice of law, with no time stayed.
Strauss & Troy, L.P.A., Franklin A. Klaine Jr., and Diane Schneiderman; Porter Wright Morris & Arthur, L.L.P., and Carolyn A. Taggart; and David C. Wagner, for relator.
John H. Burlew, for respondent.